ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| LUIS OSCAR RIVERA TORRES<br><br>RECURRENTE<br><br>V.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>RECURRIDO | KLRA202400694 | *REVISIÓN JUDICIAL* procedente del Departamento de Corrección y Rehabilitación; Comité de Clasificación y Tratamiento<br>_____<br>Núm.: T4-55649<br>Núm.: PP-311-24<br>Modulo: F5 OA 121<br><br>_____<br>Sobre:<br><br>Reclasificación de Custodia |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

# S E N T E N C I A

En San Juan, Puerto Rico, a 11 de febrero de 2025.

Comparece Luis Oscar Rivera Torres ("Sr. Rivera" o "Recurrente") y solicita que revoquemos la determinación emitida por el Departamento de Corrección y Rehabilitación ("Departamento" o "Recurrido") el 31 de octubre de 2024 en la que denegó la petición de Reconsideración presentada por el Recurrente.

Por los fundamentos que exponemos a continuación, se **_confirma_** la determinación emitida por el Departamento.

-I-

A continuación, exponemos los hechos pertinentes a la controversia de epígrafe. Según surge del expediente el 16 de mayo de 2024, el Departamento solicitó el traslado del Recurrente al Centro de Detención Bayamón 1072 o Ponce Principal, por razones de seguridad. Así las cosas, el 28 de

octubre de 2024, el Sr. Rivera presentó una *Solicitud de Reconsideración* ante la División de Remedios Administrativos. El 31 de octubre de 2024, el Departamento denegó la petición de reconsideración. Inconforme con la determinación, el 18 de diciembre de 2024, el Sr. Rivera acudió ante este Tribunal mediante recurso de revisión administrativa e hizo los siguientes señalamientos de error:

> **ERRÓ EL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN AL NO IMPONER SANCIÓN DISCIPLINARIA POR LA POSIBLE TENTATIVA REALIZADA POR EL MIEMBRO DE LA POBLACIÓN CORRECCIONAL.**
>
> **ERRÓ EL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN AL NO IMPONER LA REGLA 37 PARA LA UBICACIÓN DEL MIEMBRO DE LA POBLACIÓN CORRECCIONAL EN EL ÁREA DE SEGREGACIÓN DISCIPLINARIA, SEGREGACIÓN ADMINISTRATIVA, TRASLADO DISCIPLINARIO Y SU REVISIÓN.**
>
> **ERRÓ EL COMITÉ DE CLASIFICACIÓN Y TRATAMIENTO AL TRASLADAR EL RECLUSO SIN ANTES HABER SIDO SOMETIDO INFORME POR PARTE DE SUPERINTENDENTE ALGUNO QUE ES QUIEN ESTÁ FACULTADO PARA SOLICITAR LA APLICACIÓN DE LA REGLA 37.**

-II-

**A. Deferencia administrativa**

Los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, debido a que estas cuentan con vasta experiencia y pericia para atender los asuntos que le han sido delegados por la Asamblea Legislativa.[1] Por lo tanto, las determinaciones de las agencias suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas.[2] Sin embargo, dicha norma

---

[1] *Hernández Feliciano v. Municipio de Quebradillas*, 2023 TSPR 6, 211 DPR ___ (2023); *O.E.G. v. Martínez Giraud*, 2022 TSPR 93, 210 DPR ___ (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018).
[2] *Íd.*; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).

no es absoluta. A tales efectos, nuestro más alto foro ha enfatizado que no podemos imprimirle un sello de corrección a una determinación, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. Nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta [sic] cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida.[3]

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad.[4] Bajo este criterio, la revisión judicial se limita a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción.[5] La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las

---

[3] Íd.; Véase, además, *Super Asphalt v. AFI y otro*, supra, a la pág. 819.
[4] *O.E.G. v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra, a la pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, a la pág. 127.
[5] *Íd.*

conclusiones de derecho del ente administrativo fueron correctas.[6] Nuestro máximo foro ha expresado que esta intervención "*debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley.*"[7] Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad.[8] Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad.[9] No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra.[10] Ahora bien, nuestro más alto foro ha dispuesto que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: (1) erró al aplicar la ley (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales.[11]

Finalmente, el Tribunal Supremo ha expresado que, conforme a lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "*la deferencia judicial al expertise administrativo,*

---

[6] *O.E.G. v. Martínez Giraud*, supra; *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217.
[7] *Rolón Martínez v. Supte. Policía*, supra, a la pág. 36.
[8] *Íd.*; *O.E.G. v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra.
[9] Véase Sección 4.5 de la LPAUG, 3 LPRA § 9675; *Rolón Martínez v. Supte. Policía*, supra, a la pág. 36; *Torres Rivera v. Policía de PR*, supra, a la pág. 627.
[10] *Íd.*
[11] *Torres Rivera v. Policía de PR*, supra, a las págs. 627-628; *O.E.G. v. Martínez Giraud*, supra, a la pág. 90.

*concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia."*[12]

-III-

El Sr. Rivera nos solicita la revocación de la determinación emitida por el Departamento tras alegar que el Recurrido violó el *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional* ("Reglamento"). No obstante, luego de un examen de la disposición reglamentaria y de los hechos que se desprenden del expediente, resolvemos que el Departamento no incurrió en violación alguna.

Cabe señalar que el Reglamento no prohíbe el traslado de los miembros de la población correccional. Más allá de las alegaciones del Recurrente, no existe prueba fehaciente en el expediente que nos lleve a cuestionar la determinación del Departamento. El Sr. Rivera no desarrolló una teoría jurídica que justifique la revocación de la determinación recurrida. Según hemos indicado, al Departamento le cobija una presunción de corrección que merece nuestra deferencia. Siendo así, no hay motivo para intervenir con quien posee el conocimiento especializado y quien no ha actuado de manera arbitraria o irrazonable. El Sr. Rivera no presentó prueba suficiente para derrotar la presunción de corrección que cobija al Departamento. Por lo tanto, resulta forzoso confirmar la determinación recurrida.

-IV-

Por los fundamentos antes expresados se **confirma** la determinación administrativa.

---

[12] *O.E.G. v. Martínez Giraud*, supra, a la pág. 91.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones